## THOMPSON–STARRETT CO. v. FITZGERALD.

(Circuit Court of Appeals, Seventh Circuit.   October 29, 1906.)

No. 1,309.

1. MASTER AND SERVANT—ACTION FOR INJURY OF SERVANT—QUESTIONS FOR JURY.

In the construction of a steel building, the contractor laid a platform of loose planks across the floor beams of the lower floor near an elevator, onto which laborers were required to wheel materials brought in to be sent up on the elevator.   A plank on one side extended for several inches over a drop of four inches in the floor beams, and when plaintiff, who was one of such laborers, stepped on it the plank tipped and threw him and his barrow into the cellar causing his injury.   *Held,* that the question of the contractor's negligence and failure in its duty to provide its employés with a reasonably safe place to work, and of plaintiff's contributory negligence were properly submitted to the jury, in an action to recover for the injury, the projection of the plank without support not being obvious to one on the platform.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1050, 1089–1132.]

2. SAME—PLACE OF WORK—LIABILITY OF MASTER FOR IMPROPER CONSTRUCTION OF STAGING—NEGLIGENCE OF FELLOW SERVANTS.

If the building of stagings and scaffolds is not within the duty of a servant who may have to use them in doing his work, and if he has no hand in erecting them, he is not a party to the negligence of those servants to whom the master assigns the duty of providing such appliances, and he may recover from the master for an injury resulting from their negligent construction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 479.]

3. APPEAL—PRESENTATION OF OBJECTIONS IN TRIAL COURT—PLEADING—VARIANCE.

A defendant who contests a case on the merits without objection to the evidence offered on the ground of a variance, which might have been cured by an amendment of the pleadings, cannot assign such variance as a ground for reversal in an Appellate Court.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Amos C. Miller, for plaintiff in error.

B. J. Wellman, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge.   The plaintiff in error, defendant below, was engaged as contractor in constructing a steel frame building.   On the first floor a temporary platform had been made by laying boards across the beams.   From this platform a hoist took bricks and other materials to the upper floors.   Common laborers wheeled bricks along a runway from without the building to the platform, left there the loaded barrows to be hoisted, and went out wheeling the empty barrows that had been let down.   Plaintiff, one of these common laborers, went to the side of the platform to get an empty barrow whose wheel was over the edge, and fell into the basement, receiving the injuries complained of.

149 F.—46

Under the assignment that the court erred in allowing the case to go to the jury, defendant's first contention is that there was not sufficient evidence of negligence in the construction and maintenance of the platform. From a careful reading of the entire bill of exceptions, it seems to us that the jury were warranted in finding that the platform was made and continuously maintained of two layers of plank supported by beams 10 feet apart; that the planks of the lower layer were 12 to 14 feet long; that some planks of the upper layer were as short as 8 feet; that at the edge where plaintiff fell there was a drop of 4 inches in the top surface of the supporting beams, which was occasioned by the construction of an ash pit; that the lower plank extended part of its width beyond the edge of the 4-inch drop; and that the upper plank was laid so that one of its ends did not reach one of the supporting beams. There was evidence that it was customary to build such platforms without fastening down the planks in any way, but not that it was customary to rest the outer planks upon insufficient supports. This structure might fairly be inferred not only from the testimony of witnesses who described the platform, but also from plaintiff's account of the manner of his fall. He says that the plank at the edge tipped sidewise, and that he and the barrow and the plank went down. Defendant's foreman testified that "the top of the iron work was all level," but on going into particulars he showed that the ash pit was 14 feet long north and south; that the beams, extending over it north and south 10 feet apart, were dropped 4 inches below the general level of the floor; and that "flanges" on top of the north 7 feet of these beams came up to the floor level. So this platform, built out over the ash pit, at its south edge would encounter a 4-inch drop, unless these 14-foot steel beams were constructed so that the south 7 feet thereof would have been 4 inches above the floor level if they had not been dropped, as the witness says they were. No such unusual form of beams was testified to.

On the basis that defendant, as master, had undertaken to provide its servant a safe appliance in the performance of his work, a finding of negligence was justified by the foregoing view of the evidence.

As the extending of the outer planks beyond the edge of the small jog in the beams was not necessarily apparent to a laborer who went on the platform in the performance of his work, there was no error in submitting the question of contributory negligence to the jury. And as there was no evidence that plaintiff had notice or knowledge of the defect, the risk was not assumed.

It is further contended under the same assignment that the alleged negligence was not that of defendant, but of fellow servants of plaintiff. If the building of stagings and scaffolds is not within the duty of a servant who may have to use them in doing his work, and if he has no hand in erecting them, he is not a party to the negligence of those servants to whom the master assigns the duty of providing such appliances, and he may recover from the master; but if it is the duty of a body of servants to construct a staging as an incident of the work upon which they are employed in common, the master performs his full duty by providing suitable and sufficient materials and men, and he cannot be held by one of the body for the negligence of any of the

others. Phœnix Bridge Company v. Castleberry, 131 Fed. 175, 65 C. C. A. 481; National Refining Company v. Willis (C. C. A.) 143 Fed. 107. There was evidence that the staging or platform in question was built by a scaffold gang under, and according to the direction of a scaffold foreman, who hired men for that purpose; that this foreman was also the foreman of the common laborers of whom plaintiff was one; and that he "took any of the laborers who happened to be around to build the scaffolds." But plaintiff did not take part in building this platform, nor was it shown that he had ever performed or been called on to perform such work. Indeed, he testified that he did not know that his foreman was also the foreman of the scaffold gang. From this evidence it might be inferred that scaffold building was a separate branch of work, not within the scope of plaintiff's employment. And conceding that a contrary inference might also be drawn, the question was one for the jury.

Complaint is made that the case proven varies from that declared. But inasmuch as defendant was willing to contest the merits of the proven case without objection, and 'without calling attention to the variance, which could have been cured by amendment on proper terms as to costs and continuance, there is no just grievance.

The court refused defendant's request to charge the jury that, if the accident happened through the negligence of the foreman or workmen in directing or constructing the scaffold, the plaintiff could not recover. The giving of the instruction would erroneously have withdrawn the case from the jury.

The judgment is affirmed.